FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -9 AM 11: 38

CLERK L. Harden
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOE T. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-6 |
| | ) | |
| TIMOTHY G. VAUGHN et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se in this Title 42, United States Code, Section 1983 action, has submitted motions for a temporary restraining order and to dismiss Defendant Atkins. The Court recommends that, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the motion to dismiss Defendant Atkins, Doc. 4, be **GRANTED**.

In his motion for a temporary restraining order, plaintiff urges the Court to enjoin a state criminal proceeding in which he was charged with disorderly conduct.[1] Plaintiff alleges that his state court proceedings were unconstitutional because state prosecutors delayed in bringing his criminal charges and because the state statute under which he was charged is unconstitutional.

The Anti-Injunction Statute, Title 28, United States Code, Section 2283 provides that

---

[1] From the face of plaintiff's complaint, it appears that he has been convicted and sentenced. Pl. Compl. at 3. Thus, his request must be for an order enjoining the enforcement of his sentence, not enjoining a pending criminal case.

a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. While a valid Section 1983 claim, in some cases, may warrant the issuance of an injunction notwithstanding Section 2283, such injunctive relief may only be issued to avoid "grave and irreparable injury." Sheridan v. Garrison, 415 F.2d 699, 705 (5th Cir. 1969) ("Since [Section 2283] was fathered by the principles of comity, it has been held that the statute should be read in the light of those principles and, though absolute in its terms, is inapplicable in extraordinary cases in which an injunction against state court proceedings is the only means of avoiding grave and irreparable injury."). The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), precluded federal courts from enjoining pending state criminal prosecutions except in case of "a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." Id. at 54.

The Fifth Circuit, in precedent now binding on the Eleventh Circuit,[2] has rejected the notion that "the opportunity to raise the defense of bad faith prosecution in the state courts is presumptively an adequate remedy and that federal intervention is not warranted unless the plaintiff demonstrates that for some reason this remedy is inadequate." Wilson v. Thompson, 593 F.2d 1375, 1381 (5th Cir. 1979). Thus, "once the federal plaintiff (state criminal defendant) demonstrates that the state prosecution was undertaken for constitutionally impermissible purposes, irreparable injury is established, and the presence of an adequate remedy in the state court proceeding . . . does not negate that injury as a basis

---

[2]Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

for federal equitable relief." Martin v. Attaway, 506 F. Supp. 603, 604 (S.D. Ga. 1981) (Bowen, J.).

The appropriate test to be applied to determine the legality of a state prosecution is set forth in Wilson:

> The Court should consider whether the plaintiffs have shown, first, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and, second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the Court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered.

Wilson, 593 F.2d at 1387.

Plaintiff alleges that Defendant Vaughn, a state prosecutor, deprived plaintiff "of the right to a speedy and fair trial by holding a charge of disorderly conduct for 15 months without notice to plaintiff." Pl. Compl. at 2. An allegation of prosecutorial delay, however, is not tantamount to one of prosecution in retaliation for constitutionally protected acts that is contemplated by Younger and its progeny.[3] Plaintiff has not sufficiently alleged that his state court prosecution was the result of retaliatory or otherwise inappropriate motives on the part of defendants, and his request for injunctive relief should accordingly be denied.

Plaintiff's motion also should be denied inasmuch as his state court conviction has become final. A Section 1983 damages claim that calls into question the lawfulness of a prior

---

[3]Plaintiff's allegation that the statute under which he was convicted is unconstitutional likewise cannot support an injunction under Younger or Wilson. Martin, 506 F. Supp. at 605 (recognizing that charges of statute unconstitutionality may not support injunction because "state interest, as manifest in notions of state-federal comity, . . . compel federal abstention").

3

conviction or sentence "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. Plaintiff states in his complaint that he has pleaded guilty to his state court charge and his sentence has been entered. Accordingly, he may not obtain Section 1983 relief until he has shown that his state conviction or sentence has been invalidated.

For these reasons, plaintiff has failed to allege grounds on which injunctive relief should be granted. Accordingly, the Court recommends that Plaintiff's motion for injunctive relief, Doc. 5, be **DENIED**.

4

SO REPORTED and RECOMMENDED this 9th day of March, 2006, at Augusta, Georgia.

```
_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE
```